IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL STOKES,** : | CIVIL ACTION NO. 1:24-CV-571 |
| : | |
| Petitioner : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **WARDEN OF FCI-ALLENWOOD** : | |
| **LOW,** : | |
| : | |
| Respondent : | |

## MEMORANDUM

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2241. Petitioner, Michael Stokes, seeks a writ of habeas corpus compelling the United States Bureau of Prisons ("BOP") to revise his risk assessment under BOP policies implementing the First Step Act ("FSA") from a medium recidivism risk to a low recidivism risk and to grant him 200 days that he alleges were erroneously disallowed based on his purported failure to complete required needs assessment forms. We will dismiss the petition as moot to the extent it seeks to revise Stokes's risk assessment and dismiss the petition without prejudice for failure to exhaust administrative remedies in all other respects.

**I.**   **Factual Background & Procedural History**

Stokes is currently incarcerated in the Allenwood Low Security Correctional Institution ("LSCI-Allenwood") serving a 36-month sentence imposed by the United States District Court for the District of Massachusetts for conspiracy to distribute cocaine and possession with intent to distribute cocaine. (Doc. 8-2 at 2). He filed the instant petition on April 4, 2024. (Doc. 1).

Stokes asserts three claims for habeas corpus relief: (1) that the BOP improperly calculated his recidivism risk as medium rather than low under the FSA; (2) that the BOP declined to grant him 200 days of earned time credit under the FSA because of his purported failure to complete a needs assessment; and (3) that the BOP's erroneous calculation of his recidivism risk as medium led him to accrue time credits under the FSA at a lower rate than he otherwise would have. (Doc. 1 at 6). Stokes filed a motion, styled as a motion for leave to amend, on April 16, 2024, clarifying that his third claim for relief is that if the BOP properly calculated his recidivism risk as low, he would have earned 15 days of earned time credit every thirty days beginning on October 4, 2023. (Doc. 6).

Respondent responded to the petition on April 26, 2024. (Doc. 8). Respondent argues that Stokes's claim seeking restoration of 200 days of earned time credit should be dismissed for failure to exhaust administrative remedies and that the petition should otherwise be denied on its merits. (Id.) Stokes filed a reply brief in support of his petition on May 7, 2024. (Doc. 9). Stokes subsequently filed several motions to supplement his petition with additional exhibits. (Docs. 12, 14, 15, 16, 20). On August 8, 2024, the court granted the motions and stated that the exhibits would be considered in connection with his petition. (Doc. 21).

On August 12, 2024, Stokes filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11, asserting that respondent provided false and misleading information to the court in responding to his petition. (Doc. 22). Stokes then filed a motion for summary judgment on August 16, 2024, and a motion for preliminary injunction on August 27, 2024. (Docs. 23, 26).

2

Respondent filed a supplemental response on September 10, 2024, to address the documents Stokes filed after the initial response. (Doc. 29). Respondent contends that Stokes's claim seeking reassessment of his recidivism risk is now moot because the BOP reassessed Stokes as having low recidivism risk on September 4, 2024, and awarded him retroactive time credits based on that assessment. (Id. at 4-5). Respondent contends that the remainder of the petition should be dismissed for failure to exhaust administrative remedies. (Id. at 5-6). Stokes filed a reply on September 18, 2024, agreeing that he was assessed as a low recidivism risk on September 4, 2024, but asserting that his claims should not be dismissed. (Doc. 30). Stokes then moved to supplement his petition with several additional exhibits on September 20, 2024. (Doc. 32).

**II.   Discussion**

    **A.   Motions to Amend and Supplement**

The court will first consider Stokes's motions styled as motions for leave to amend and supplement. (Docs. 6, 32). The motion for leave to amend clarifies the nature of Stokes's third claim for relief. (Doc. 6). The motion to supplement seeks leave to docket three exhibits to support his petition. (Doc. 32). Because neither motion seeks to replace the operative petition but rather seeks to provide additional information for the court's review, the court will grant both motions and consider the additional information in connection with Stokes's petition.

    **B.   Mootness**

The court will next address respondent's contention that Stokes's claim seeking to have his recidivism risk reduced to low is moot. A claim is moot when a

3

petitioner "manages to secure outside of litigation all the relief he might have won in it." Federal Bureau of Investigation v. Fikre, 601 U.S. 234, 240 (2024) (citing Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013)). Federal courts lack subject matter jurisdiction over moot claims. United States v. Sanchez-Gomez, 584 U.S. 381, 385-86 (2018). Respondent argues that Stokes's claim seeking to reduce his recidivism risk under the FSA to low is moot because his recidivism risk was reassessed as low on September 4, 2024. (Doc. 29). Stokes concedes that this risk reassessment occurred on September 4, 2024. (Doc. 30).

We agree that this claim is moot. Stokes's claim for relief seeks a writ of habeas corpus compelling the BOP to reduce his recidivism risk from medium to low, but he obtained this exact relief on September 4, 2024. The BOP has also awarded him retroactive time credit based on this reassessment. (See Doc. 29, 29-2, 29-4). Hence, because this court cannot award Stokes any relief that he has not already obtained, we will dismiss this claim without prejudice as moot.

**C.    Exhaustion**

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, our court of appeals has consistently held that exhaustion applies to such claims. See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." Moscato, 98 F.3d at 761-62.

The BOP's administrative remedy program allows federal prisoners to request review of nearly any aspect of their imprisonment. See generally 28 C.F.R. §§ 542.10-.19. Inmates are first directed to attempt informal resolution. Id. § 542.13. If informal resolution is unsuccessful, the inmate is directed to file an administrative remedy request. Id. § 542.14. The deadline to attempt informal resolution and to file an administrative remedy request is 20 days from the event that gives rise to the inmate's complaint. Id. Once an administrative remedy request is filed, the warden of the prison in which the inmate is incarcerated has 20 days to respond to the request. Id. § 542.18. If the inmate has not obtained relief from the warden, he may file an appeal to the regional director within 20 days of receiving the warden's response. Id. § 542.15. The regional director must respond to the appeal within 30 days. Id. § 542.18. If the inmate has not obtained relief at this level, he may file an appeal to the BOP's general counsel within 30 days of receiving the regional director's response. Id. § 542.15. The general counsel must respond within 40 days. Id. § 542.18. No administrative remedy appeal is considered fully exhausted until reviewed by the general counsel. Id. § 542.15(a). If the BOP fails to respond to the inmate's complaint at any level of the process within the time periods provided by 28 C.F.R. § 542.18, "the inmate may consider the absence of a response to be a denial at that level." Id. § 542.18.

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude habeas review. See Moscato, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory

5

construction. See Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. Rose v. Lundy, 455 U.S. 509, 516 n.7 (1982).

The record of this case shows that Stokes failed to exhaust his claim challenging the disallowance of 200 days of time credit under the FSA. Stokes filed an administrative remedy request to challenge the disallowance on November 2, 2023. (Doc. 8-6 at 4). The warden of LSCI-Allenwood denied the request on November 6, 2023. (Id. at 5). Stokes appealed to the regional director on November 17, 2023. (Doc. 8-6 at 2). Because the regional director did not respond within the time prescribed by 28 C.F.R. § 542.18, Stokes appealed to the BOP's general counsel on February 2, 2024. (Doc. 8-2 at 3; Doc. 8-4 at 7). The regional director subsequently denied Stokes's intermediate appeal on February 5, 2024. (Doc. 8-6 at 3). On February 23, 2024, Stokes's appeal to the general counsel was rejected on procedural grounds based on his failure to file copies of his institutional remedy request, the response to the request, his regional appeal, and the response to the regional appeal. (Id.) Stokes was given fifteen days to resubmit his appeal with the appropriate supporting documentation, but he did not do so. (Id.)

Stokes acknowledges that he failed to exhaust administrative remedies with respect to this claim, but he argues exhaustion should be excused because of the regional director's failure to timely respond to his appeal. (Doc. 2 at 2-3). He also argues the regional director's failure to timely respond made it impossible to submit a copy of the regional director's response in his appeal to the general counsel. (Id.)

6

Stokes's arguments to excuse exhaustion are unavailing. Although a prison's failure to timely respond to a grievance or appeal may render a grievance process unavailable in certain circumstances, see Shifflett v. Korszniak, 934 F.3d 356, 365 (3d Cir. 2019), the relevant BOP regulation in this case specifically contains a deemed-denied provision stating that the inmate may treat the absence of a timely response as a denial. 28 C.F.R. § 542.18. Once an appeal is deemed denied under this provision, the inmate is required to appeal as if he had received a denial in the ordinary course to complete the administrative exhaustion process. See, e.g., Concepcion v. Warden Allenwood FCI, 750 F. App'x 184, 186 (3d Cir. 2019) (nonprecedential);[1] VanBuren v. Sage, No. 1:23-CV-971, 2024 WL 3597048, at *4 (M.D. Pa. July 31, 2024) (Conner, J.).

The regional director's failure to file a timely response to Stokes's intermediate appeal clearly prevented Stokes from attaching a copy of the regional director's response to his appeal to final review, but Stokes has not explained how the regional director's failure prevented him from filing copies of his administrative remedy request, the response to the request, or his intermediate appeal, all of which were also missing from his final appeal. The relevant BOP regulation clearly requires these documents to be attached to an appeal to the general counsel. See 28 C.F.R. § 542.15(b)(1) ("Appeals to the General Counsel shall be . . . accompanied by one complete copy or duplicate original of the institution and regional filings and

---

[1] The court acknowledges that nonprecedential decisions are not binding upon federal district courts. Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.

7

their responses."). Stokes's failure to remedy this deficiency within the fifteen days allowed constitutes a failure to exhaust administrative remedies. Furthermore, if the regional director's failure to respond somehow prevented Stokes from attaching these documents at the time he filed his appeal to the general counsel, he could have requested an extension of time in which to do so. See id. § 542.15(a) ("When the inmate demonstrates a valid reason for delay, these time limits may be extended."). This failure to request an extension would also constitute a failure to exhaust administrative remedies. See Talley v. Clark, 111 F.4th 255, 263-64 (3d Cir. 2024) (holding that failure to request an extension of time when grievance process allows such requests constitutes failure to exhaust administrative remedies).

Stokes briefly asserts three other arguments to excuse administrative exhaustion: (1) completing the administrative remedy program would take an unreasonable and indefinite amount of time; (2) the BOP is not competent to resolve the issue; and (3) the BOP is biased and has predetermined the issues Stokes raises. (Doc. 2 at 5). None of these arguments have merit. This court recently held that a petitioner seeking time credits under the FSA is not excused from the obligation to exhaust his claim "simply because his projected release date is approaching, and he may not complete his administrative appeal before the release date." Rodriguez v. Sage, No. 1:22-CV-503, 2023 WL 2309781, at *2 (M.D. Pa. Mar. 1, 2023) (Conner, J.). We see no sound basis to depart from this *ratio decidendi*, nor are we aware of any subsequent cases that would caution against reliance on our Rodriguez decision. As for Stokes's remaining arguments, the BOP's reassessment of Stokes's recidivism risk on September 4, 2024, and

8

corresponding award of retroactive time credits shows that the BOP is competent to handle this issue and has not predetermined any of the claims Stokes raises. Stokes's claim challenging the disallowance of 200 days of time credit under the FSA will accordingly be dismissed for failure to exhaust administrative remedies.

We will likewise dismiss for failure to exhaust administrative remedies Stokes's claim that the BOP's erroneous calculation of his recidivism risk as medium led him to accrue time credits under the FSA at a lower rate than he otherwise would have. (Doc. 1 at 6). The basis of this claim is that Stokes should have been assessed as having a low recidivism risk on October 4, 2023, rather than a medium risk, and that, if such an assessment had been made, he would have earned an additional five days of time credit under the FSA every thirty days beginning on that date. (See Doc. 6 (clarifying the basis of this claim)).[2] A review of the administrative remedy requests Stokes filed in this case shows that he did not present this issue for the BOP's review. (See Docs. 8-5, 8-6).

**D.    Additional Motions**

Having concluded that dismissal of Stokes's petition for writ of habeas corpus is appropriate, the court will deny his motion for summary judgment and motion for preliminary injunction because Stokes is not entitled to judgment as a matter of law and has not shown that he is likely to succeed on the merits of his claims. The court

---

[2] The FSA's implementing regulations state that an inmate earns ten days of credit under the FSA for every thirty days he participates in certain qualifying programs, but that this may be increased to fifteen days for every thirty days of participation if the inmate maintains a minimum or low recidivism risk for two consecutive assessments. See 28 C.F.R. § 523.42(c).

will also deny Stokes's motion for sanctions without prejudice. The motion asserts that respondent provided inaccurate information to the court, but the allegedly inaccurate information is not pertinent to the mootness and exhaustion issues on which the court will dismiss the petition. Finally, the court will deny Stokes's motion to expedite disposition of his habeas corpus petition as moot.

### III.   Conclusion

We will grant Stokes's motion for leave to amend and motion for leave to supplement, dismiss the petition for writ of habeas corpus without prejudice, and deny his remaining motions. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    October 24, 2024